STATE for use, etc., of MARSHALL COUNTY v. SAMUEL ORR, Trustee, etc., et al.

TRUSTEE. Bond. Liability of sureties. The sureties upon the bond of a trustee which recites that he shall collect and pay over " to the proper officer or person all of the railroad taxes assessed, or that should be assessed for said county within the time and in the manner prescribed by law," are not liable for revenue, the result of taxes collected during a previous term. Upon such a bond the sureties are only liable for taxes collected upon assessments during the term of office of the trustee.

FROM MARSHALL.

Appeal from the Circuit Court of Marshall county. McLEMORE, J.

J. MARSHALL and Z. W. EWING for State.

LEWIS BROS. and W. N. COWDEN for Orr.

FREEMAN, J., delivered the opinion of the court.

This is a motion made at October term, 1882, of the circuit court of Marshall county against the de-

fendant, Orr, and sureties on his official bond, for railroad taxes collected by him from September, 1878, to September, 1879, the term of his office as trustee. The precise amount is specified in the motion, to-wit the sum of $5,276.64.

After various motions made by defendants, not necessary to be noticed, the matter of the motion was referred to the clerk of the court "to take proof, and state an account with defendant, Orr, as such trustee, charging him with all railroad taxes which he collected for the term of his office, to wit: from September, 1878, giving him credit for all payments by him made allowed by law, commissions," etc.

The facts appear that Orr had been trustee for the two years before, that is, from September, 1876, and was re-elected at August election, 1878, and gave the bond on which this motion is based at September term, 1878.

This bond is in the sum of $20,000, the bond being "that the above bound Orr honestly and faithfully discharge and perform all the duties of his said office," and shall collect and pay over to the proper officer or person all of the railroad taxes assessed, or that should be assessed for said county within the time, and in the manner prescribed by law, and shall honestly and faithfully discharge the duties of said office, then this obligation to be null and void."

From the face of this bond it is seen it is an obligation for faithful and honest performance of the duties of the office of trustee, and if no more had been added, would have simply covered by our law

State v. Orr, Trustee.

all the duties devolved by law, either at the time or by any other law passed by the Legislature during his term of office.

But the county court has chosen to add a particular obligation as to collection of railroad taxes, and the sureties have bound themselves for the principal as to this particular, according to the terms of their bond, but cannot be bound beyond these terms. To do so would be to make a contract for them not made by themselves. It is in effect the same as if a separate bond had been given by the trustee for "the collection and paying over to the proper officer or person all the railroad taxes assessed, or that should be assessed for said county in the *time* and in the manner prescribed by law."

This language confines definitely the liability for collection of railroad taxes, to such as had been assessed, or should be assessed," during the term of his office, to wit: for the two years beginning from his induction into office, and ending September, 1879, when a successor should be elected and qualified. This is the plain meaning of the undertaking, and it cannot without violence to the language used be made to cover more than this.

The motion, which is the foundation of the suit, and in the nature of a declaration, is equally specific, and goes on this theory. It is for judgment for five thousand two hundred and seventy-two 64 100, dollars interest and damages, "being the railroad tax collected by said Orr, or that should have been collected by him as such trustee for the county of Marshall, and

which he has failed and refused to pay over as re-
quired by law, and the terms and conditions of his
official bond."

Under this motion, and by the terms of his bond,
the principal and sureties can only have judgment
recovered against them for railroad taxes collected
from 1878 to 1879, or such as should have been col-
lected. This cannot be held to include revenue in
his hands, the result of taxes collected during a pre-
vious term. This is not railroad taxes assessed
at the time of his induction into office, or afterwards
during his term, nor is it in any proper sense rail-
road taxes at all, such as is contemplated by the bond,
but only as we have said, revenue in his hands as
trustee, the result of collections made in the perform-
ance of his official duties for the two preceding years,
and which were covered as we may assume by the
bond required for the faithful performance of his
duties during that term.

This is the principle decided by this court in the
case of *Cox & Spurgin* v. *Hill, Chairman, etc.,* 5 Lea,
147, the syllabus of which is: "The sureties of a
revenue collector of county taxes for the last two
years of the six years he had continued in office are
entitled to enjoin suits against them and their princi-
pal on the official bonds of the principal, upon proof
that the taxes for the collection of which they are
liable had been paid to the county, although their
principal may be largely in default to the county for
other years, and they may recover from the county
even any payments made by them under a mistaken

impression, superinduced by the county, that they were liable in a larger amount.

This goes on the idea that as to taxes to be collected during the term, the undertaking is specific for the term of office, and years thus embraced, and the parties are only bound that these taxes shall be accounted for, and not such as had been collected during a previous term. If this had not been so the payment in the above case would only have been in discharge of a proper liability to the officer, and there could have been no right to have it reimbursed to the sureties.

It is argued, however, that the party was trustee, and as such bound to have received this money from his predecessor precisely as if he had been a different person. This may all be so, but it would not have been taxes collected, but revenue already collected, and clearly would not be included or recoverable under a motion for "failure to collect and pay over taxes collected during the latter term of office."

This question is raised by a specific exception to the report of the clerk, the first item of which is a charge of $10,641.72, a balance found in his hands at the expiration of his first (or previous) term of office.

The judgment of the circuit court is for less than five thousand dollars. Exclude, as we do, the charge of $10,641.72, and it is seen at once there is nothing on which any judgment against defendants can rest.

The result is, the judgment is reversed, and a judgment here for defendant, dismissing the motion as unsustained by the proof, with costs against Marshall county